**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 16-cr-00138-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HENRY J. SOTO,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE WITHOUT PREJUDICE**

---

This matter is before the Court on Defendant Henry J. Soto's Motion for Modification of Sentence (Doc. # 98), wherein Mr. Soto seeks a reduction in his sentence from sixty months imprisonment and three years of supervised release to forty-eight months imprisonment and no supervised release so that he may be immediately released (*id.* at 2). Upon reviewing the Motion, pertinent record, and applicable law, for the following reasons, the Court denies the Motion without prejudice.

On January 4, 2017, Mr. Soto pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. # 75.) On May 25, 2017, the Court sentenced Mr. Soto to sixty-three (63) months imprisonment and three (3) years of supervised release. (Doc. ## 96–97.) Mr. Soto is currently incarcerated at the Fairton Federal Correctional Institution in Fairton, New Jersey ("Fairton FCI"). (Doc. # 98.)

On April 13, 2020, Mr. Soto filed the instant Motion and requests a reduction of his sentence that would permit him to be immediately released with no term of supervised release. (*Id.* at 2.) He requests such relief so that he may visit a doctor for a "full spinal examination" of his spinal injury and consult about "surgery as [his] back/spine is in a horrible way beyond explanation." (*Id.* at 2–3.) To justify this relief, Mr. Soto asserts that the medical professionals at his facility are inadequate and that he is concerned about contracting COVID-19. (*Id.* at 3–5.) He further alleges that he has been quarantined in solitary confinement since March 20, 2020 because the medical staff "believe" that he is asymptomatic.[1] (*Id.* at 3–4.) Thus, the Court construes Mr. Soto's Motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A) imposes a requirement on a defendant requesting compassionate release to exhaust all administrative rights before seeking such relief. *See United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020). Specifically, Section 3582(c)(1)(A) authorizes a district court to "modify a term of imprisonment" in certain circumstances "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"[2] 18 U.S.C. §

---

[1] Mr. Soto's Motion is unclear as to why he is quarantined, whether he has been diagnosed with COVID-19, or whether he is at risk of contracting COVID-19.
[2] Assuming the administrative exhaustion requirements are met, a district court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

3582(c)(1)(A). When a defendant fails to satisfy Section 3582(c)(1)(A)'s exhaustion requirement, a court is "without jurisdiction to entertain [defendant's] request for compassionate release." *Perry*, 2020 WL 1676773, at *1 (quoting *United States v. Keith*, No. CR-16-62-D, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019)); *see also United States v. Raia*, --- F.3d ---, 2020 WL 1647922, at *2 (3d Cir. 2020) (concluding that failure to satisfy exhaustion requirement "presents a glaring roadblock foreclosing compassionate release").

In the instant action, Mr. Soto's Motion is devoid of any reference to his compliance with, or attempt to comply with, administrative exhaustion requirements. (Doc. # 98.) Indeed, Mr. Soto has not alleged that he submitted any request to the warden of Fairton FCI. Accordingly, this Court does not have jurisdiction to consider Mr. Soto's request for compassionate release.

---

considering the factors set forth in section 3553(a) to the extent that they are applicable" and if the district court finds that:

> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

For the foregoing reasons, it is ORDERED that Mr. Soto's Motion for Modification of Sentence (Doc. # 98) is DENIED WITHOUT PREJUDICE.[3]

DATED: April 15, 2020

BY THE COURT:

*Christine M Arguello*
CHRISTINE M. ARGUELLO
United States District Judge

---

[3] In the *Perry* decision, Chief Judge Brimmer noted that:

> § 3582(c)(1)(A) is not the only pathway for [a defendant] to obtain the relief he seeks. Title 18 U.S.C. § 3624(c)(2) permits the Director of the Bureau of Prisons (the "Director") to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." The CARES Act, enacted on March 27, 2020, allows the Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under that statute. Pub. L. 116-136, § 12003(b)(2). Attorney General William P. Barr has issued a memorandum directing the Director to "prioritize the use of [the Director's] various statutory authorities to grant home confinement for inmates," considering "the totality of circumstances for each individual inmate, the statutory requirements for home confinement" and various discretionary factors. *See* Memorandum for the Director of Bureau of Prisons from the Attorney General, March 26, 2020, at 1–2. However, this procedure is separate from the Court's jurisdiction to order a sentence reduction pursuant to § 3582(c)(1)(A).

2020 WL 1676773, at *2 n.2.