IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 16-cr-00138-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HENRY J. SOTO,

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Henry Soto's Motion for Compassionate Relief. (Doc. # 102.) The Probation Office and the Government filed Responses (Doc. ## 104, 108) to the Motion on April 24, 2020, and April 27, 2020, respectively, and Defendant filed a Reply (Doc. # 113) on April 28, 2020. For the following reasons, the Court denies the Motion.

### I.    BACKGROUND

On January 4, 2017, Mr. Soto pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. # 75.) On May 25, 2017, the Court sentenced Mr. Soto to sixty-three (63) months imprisonment and three (3) years of supervised release. (Doc. ## 96–97.) Mr. Soto is currently incarcerated at the Fairton Federal Correctional Institution in Fairton, New Jersey. (Doc. # 98.) His current projected release date is October 24, 2020. (Doc. # 104 at 1.)

On April 13, 2020, Mr. Soto filed—*pro se*—a Motion for Modification of Sentence. (Doc. # 98.) The Court construed Mr. Soto's Motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and denied the motion without prejudice because Mr. Soto had not demonstrated that he exhausted the applicable administrative remedies. (Doc. # 99.)

Mr. Soto subsequently filed the instant Motion—through counsel—in which he asserts that he has complied with his obligation to exhaust the administrative remedies that are available to him, and that he should be released because his health and age make him especially vulnerable to the COVID-19 virus. The Government concedes that Mr. Soto has satisfied the administrative exhaustion requirement. (Doc. # 107 at 9 n.2.) However, the Government asserts that Mr. Soto's Motion should be denied because he "fails to establish any extraordinary and compelling circumstances to justify his release" and because his release would present a significant risk to the safety of the community. (*Id*. at 15.) The Probation Office similarly contends that Mr. Soto "presents a high risk to the community to reoffend." (Doc. # 104 at 2.)

## II.    LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A).

"Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" *United States v. Batista*, No. 19 Cr. 2 (JFK), 2020 WL 3249233, at *2 (S.D.N.Y. June 16, 2020) (quoting *United States v. Daugerdas*, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020)).

The relevant policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release is found in § 1B1.13 of the Sentencing Guidelines. Application Note 1 to § 1B1.13 describes four potentially extraordinary and compelling reasons for compassionate release: (1) the defendant has a terminal medical condition or a serious health condition that substantially diminishes his ability to provide self-care; (2) the defendant is at least 65 years old and has served 75% of his sentence; (3) family circumstances; and (4) an extraordinary and compelling reason other than or in combination with one of the above. U.S. Sentencing Guidelines Manual § 1B1.13(1)(A) & cmt. n.1(A)–(D) (U.S. Sentencing Comm'n 2018). The defendant, however, must not be "a danger to the safety of any other person or to the community," *id*. § 1B1.13(2), and "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13 cmt. n.3.

### III. ANALYSIS

Assuming, *arguendo*, that Mr. Soto's age, health issues, and the COVID-19 pandemic constituted "extraordinary and compelling reasons" to reduce his sentence, application of the § 3553(a) sentencing factors outweighs any such reduction.

Specifically, the Court is concerned that Mr. Soto's early release would pose a significant risk of danger to the safety of the community, and the Court is obligated to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

In its Response to the instant Motion, the Probation Office observed the following:

> [A] reduction in sentence and immediate release onto supervision would not allow for the potential of reentry services and planning that might otherwise be afforded by the BOP and our office. The defendant presents a high risk to the community to reoffend. Inclusive of the instant case, he has been convicted in four federal cases for bank robbery, and he committed the instant offense while on supervised release for a prior bank robbery. He has been incarcerated the majority of his adult life.

(Doc. # 104 at 1.) Additionally, the Government points out that Mr. Soto's three prior robbery convictions involved firearms, and he utilized a fake bomb in furtherance of the offense at issue in this case. (Doc. # 107 at 14.) Therefore, although Mr. Soto contends that he presents a low risk to reoffend, his history strongly suggests otherwise.

In fact, Mr. Soto concedes the point in his Motion. Mr. Soto argues that his criminal history represents a pattern of "de-escalation" because he used a fake bomb in his most recent offense rather than a firearm. (Doc. # 108 at 14.) He asserts that "[t]he resulting inference is simply that **his next bank robbery** will involve a similarly incremental 'de-escalation,' such as using a knife and a toy pistol to commit the next offense." (*Id*.) (emphasis added). Not surprisingly, this does not assuage the Court's concerns about Mr. Soto's likelihood to reoffend. Rather, Mr. Soto's argument merely underscores his likelihood to repeat his pattern of robbing banks.

Moreover, the Court is unpersuaded by Mr. Soto's argument that, at age 74, he is unlikely to commit further crimes. Notably, Mr. Soto's was convicted for the instant offence at age 70. Further, he has not asserted that his physical condition has substantially changed during the last four years. Additionally, Mr. Soto's disciplinary record reflects multiple conduct violations, which suggest that at his advanced age, he still struggles to adhere to rule-oriented environments. *See* (Doc. # 102-1 at 2–3) (disciplinary reports). When juxtaposed with Mr. Soto's criminal history, his recent conduct violations exacerbate the probability that he may reoffend upon release.

The Court is by no means suggesting that Mr. Soto is beyond redemption. To the contrary, the Court is hopeful that Mr. Soto is prepared to live a law-abiding life upon release. However, the Court considers that the reentry programs that the BOP and Probation Office provide will materially assist Mr. Soto to succeed in his reintegration to society. On the other hand, depriving Mr. Soto of the tools that are in place to assist him would not be in Mr. Soto's—or the public's—best interest. Thus, the concrete benefits that exist if Mr. Soto completes his sentence substantially outweigh the theoretical risk that he may become ill prior to his release.

## IV.   CONCLUSION

Based on the foregoing, Defendant Henry Soto's Motion for Compassionate Relief (Doc. # 102) is DENIED.

DATED: June 18, 2020                              BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge