IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 16-cr-00138-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HENRY J. SOTO,

    Defendant.

---

**ORDER DENYING MOTION TO REDUCE SENTENCE**

---

This matter is before the Court on Defendant Henry Soto's Motion to Reduce Sentence. (Doc. # 155). The Motion is denied for the following reasons.

Defendant pled guilty to bank robbery on January 4, 2017. (Doc. # 75). He was sentenced to sixty-three months imprisonment plus three years of supervised release. (Doc. ## 96–97). Following his conviction and sentence, Defendant filed multiple motions for sentence reduction. First, on April 13, 2020, Defendant filed a Motion for Modification of Sentence, which was denied for failure to exhaust administrative remedies. (Doc. # 99). Next, on April 22, 2020, Defendant filed a Motion for Compassionate Relief, which was denied pursuant to the sentencing considerations in 18 U.S.C. § 3553(a). (Doc. # 117). Finally, on April 28, 2021, Defendant filed a third request for sentence reduction. (Doc. # 155). This third request (Doc. # 155, "Motion") is now before the Court.

According to his Motion, Defendant is currently scheduled to be released in October of this year. (Doc. # 155, p. 1). However, he asks that this Court release him four months early "so that I may return to civil society in the warm months and seek employment for purposes of financially securing my welfare." (Doc. # 155, p. 1). Defendant's Motion fails as a matter of law.

First, under 18 U.S.C. § 3582(c)(1)(A), the Court may not consider a defendant's motion to modify his sentence unless and until "the defendant has fully exhausted all administrative rights[.]" Generally speaking, this means a defendant must petition the warden of his place of incarceration before seeking relief in this Court. *Id.* Mr. Soto's Motion contains nothing to suggest that he exhausted his administrative remedies before filing the instant Motion. Therefore, pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court is without jurisdiction to consider his Motion, and the Motion must be denied.

Further, even if this Court had jurisdiction to consider Defendant's Motion, the Motion would still fail. Under 18 U.S.C. § 3582(c)(1)(A), this Court may not reduce a defendant's prison sentence unless the defendant proves that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant has not offered any "extraordinary and compelling reason" for reducing his sentence; rather, he simply contends that he would prefer to be released before his scheduled release date. (Doc. # 155, pp. 1-2). Moreover, as the Court pointed out previously, Defendant has an extensive criminal history and is at a high risk to reoffend. (*See* Doc. # 117, p. 4). Therefore, even if Defendant could

demonstrate "extraordinary and compelling reasons" to justify his early release, sentence reduction would nevertheless be inappropriate under 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a).

Therefore, IT IS ORDERED that Defendant's Motion for Compassionate Release is DENIED.

DATED: May 6, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge